UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:02-CR-169 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| MICHAEL EASLEY ) | |
| ) | |

**MEMORANDUM**

Defendant Michael Easley ("Defendant") filed a motion to have his crack-based sentence reduced pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Commission Guidelines Manual ("USSG" or "Guidelines") § 2D1.1(c) (Court File No. 67). Because Defendant's guideline range is not affected by the crack-sentence reductions, the Court has no authority to resentence Defendant, and will **DENY** Defendant's motion for reduction (Court File No. 67).

I. **FACTS**

According to the Amended Memorandum Regarding Retroactivity, Defendant was sentenced on April 23, 2004 to 77 months imprisonment based upon a violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) for possessing, with intent to distribute, five or more grams of cocaine base. His criminal history category was VI and his offense level was 23 for 18.3 grams of cocaine base, under the old crack Guidelines. This would have resulted in a guideline range of 92 to 115 months. However, 21 U.S.C. § 841(b)(1)(B) imposes a statutory minimum sentence of ten years where, as here, a defendant has a prior conviction for a felony drug offense. Because Defendant was subject to a statutory minimum that was greater than his resulting guideline range, the Guidelines adopt the statutory minimum as the effective guideline range. USSG § 5G1.1(b). Thus, Defendant's guideline

range was 120 months.

Although the Court would otherwise have been compelled to sentence Defendant to no less than 120 months (the applicable statutory minimum), the Government filed a motion for a downward departure, based upon substantial assistance (Court File No. 69). Pursuant to 18 U.S.C. § 3553(e), the Court is authorized "to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." Thus, the Court was authorized to depart below the statutory minimum to the extent of Defendant's substantial assistance. The Court sentenced Defendant to 77 months, departing 43 months below the applicable statutory minimum based upon Defendant's substantial assistance.

**II.     APPLICABLE LAW**

A federal court does not have an inherent power to modify a sentence already imposed, but can be authorized to do so by statute. *See* 18 U.S.C. § 3582(c). A court is permitted to modify a sentence already imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The policy statement at issue here provides: "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As

required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement." USSG § 1B1.10(a)(1), p.s. The Guidelines further provide an exclusion to this general rule: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . (B) [a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." *Id*.

On November 1, 2007, the United States Sentencing Commission ("Commission") amended United States Sentencing Commission Guidelines Manual ("Guideline" or "USSG") § 2D1.1, lowering the penalties for cocaine base ("crack") offenses. On December 11, 2007, the Commission determined offenders sentenced under the earlier, longer crack sentencing guidelines could receive a reduction in their sentences, if other criteria were met.

## III. DISCUSSION

### A. The Court has no authority to Reconsider Defendant's Sentence

The crack-reduction amendment does not reduce Defendant's applicable guideline range, and thus the Court has no authority to modify his sentence. As stated above, when the guideline range is below an applicable statutory minimum, the Guidelines adopt that statutory minimum as the effective guideline range. USSG § 5G1.1(b). In Defendant's case, under the old crack guidelines, his guideline range would have been initially calculated as 92 to 115 months. However, since this range was below the applicable 120-month statutory minimum, his effective guideline range became 120 months. Under the new crack guidelines, his guideline range would be initially calculated as 77 to 96 months. However, again, the guidelines adopt the statutory minimum of 120

months. Thus, Defendant's applicable guideline range under the old and new crack guidelines is 120 months.

A court is authorized, pursuant to 18 U.S.C. § 3582(c)(2), to reduce a defendant's crack sentence when, and only when, the amendment to USSG § 2D1.1 has "the effect of lowering the defendant's applicable guideline range." USSG 1B1.10(a)(2)(B). Here, Defendant's sentence was based upon the statutory minimum for his offense, pursuant to 21 U.S.C. § 841(b)(1)(B), which was thus adopted as his guideline sentence, pursuant to USSG § 5G1.1(b). Even if the amendment to USSG § 2D1.1 would lower the offense level for the amount of crack involved in Defendant's charge, Defendant would still be subject to the statutory minimum. Thus, the amendment does not have the effect of lowering defendant's applicable guideline range. *See* USSG § 1B1.10(a)(2)(B). As such, this Court has no authority to modify his sentence.[1] The Court will **DENY** Defendant's motion for a reduction (Court File No. 67).

**B.     Statutory Minimum is Applicable to Defendant's Sentence**

Defendant concedes that, if he had been sentenced to the statutory minimum of 120 months, he would not be eligible for a reduction in his sentence (Court File No. 73, p. 3). However, Defendant argues, because the Government filed a USSG § 5K1.1 motion for a departure based upon

---

[1]This situation has been addressed, and this conclusion reached, in other courts. *See United States v. Johnson*, --- F.3d ----, 2008 WL 516518, *4 (8th Cir. February 28, 2008) (proactively addressing the defendant's crack amendment argument prior to March 3, 2008); *United States v. Boykin*, 2008 WL 619178 (N.D.N.Y. March 3, 2008); *United States v. Veale*, 2008 WL 619176 (N.D.N.Y. March 3, 2008); *United States v. Thomas*, 2008 WL 625019 (N.D.N.Y. March 3, 2008); *United States v. Lewis*, 2008 WL 545008 (N.D.N.Y. February 26, 2008), *reconsidered and affirmed*, 2008 WL 591944 (N.D.N.Y. February 28, 2008); *United States v. Ortiz*, 2008 WL 709488, *7 (S.D.N.Y. March 17, 2008); *United States v. Harris*, 2008 WL 748156, *2 (M.D.Fla. March 19, 2008).

substantial assistance, the statutory minimum is "uncontrolling" (*id.*).[2] This argument mischaracterizes the law.

A departure pursuant to USSG § 5K1.1, alone, does not permit departure below a statutory minimum. Departures below a statutory minimum are authorized through 18 U.S.C. § 3553(e). *See* USSG § 5K1.1, comment. (n.1). Since Defendant's sentence is based upon a statutory minimum, the Court looks to 18 U.S.C. § 3553(e).

Section 3553(e) provides: "Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."[3] A departure pursuant to § 3553(e) does not eliminate the statutory minimum, as Defendant argues (Court File No. 73, p. 3), but only permits the Court to depart below

---

[2]Defendant argues the Court, in sentencing Defendant to 77 months, disregarded the statutory minimum entirely; reverted back to Defendant's guideline range as if no statutory minimum applied; departed downward two offense levels; then sentenced Defendant at the bottom of that guideline range (*see* Court File No. 73, p. 2). This would have resulted in an offense level of 21, and a guideline range of 77 to 96 months.

If Defendant were correct in his explanation of the Court's sentencing procedure, then the Court should have departed two offense levels below offense level 25 (encompassing the 120-month statutory minimum), not offense level 23 (as Defendant alleged occurred). If Defendant is correct, Defendant should have received a longer sentence.

However, this was not the case. The Court has no authority under § 3553(e) to disregard the statutory minimum and is authorized only to depart below the statutory minimum to the extent of a defendant's substantial assistance. Here, the Court granted Defendant a generous reduction of 43 months below the 120-month statutory minimum, based upon his substantial assistance.

[3]In contrast to the language of § 3553(e), which permits a departure below the statutory minimum, the Safety Valve Provision, § 3553(f), expressly permits a court to sentence a defendant without regard to the statutory minimum. 18 U.S.C. § 3553(f) ( ". . . the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 *without regard to any statutory minimum sentence . . .*") (emphasis added). Congress utilized appropriate language to eliminate the statutory minimum entirely when it intended to do so.

5

the statutory minimum based upon Defendant's substantial assistance. *See United States v. Bullard*, 390 F.3d 413, 416-17 (6th Cir. 2004) (holding § 3553(e) only permits a court to depart below a statutory minimum to the extent of a defendant's substantial assistance).[4] Put simply, § 3553(e) permits the Court to "count down" from the statutory minimum based upon substantial assistance; it does not authorize the Court to disregard the statutory minimum.

Because the statutory minimum applies, Defendant's statutory minimum displaces any lower guideline range and renders any reduction in that lower guideline range immaterial.

## IV. CONCLUSION

Because Defendant's sentence and guideline range were based upon the statutory minimum, Defendant's guideline range is not affected by the crack-reduction amendment. As a result, the

---

[4]In support of its decision, the *Bullard* court cites the following: *United States v. Chestna,* 962 F.2d 103 (1st Cir. 1992) (rejecting defendant's argument that "once the government moved for departure based on her substantial assistance ... it opened the door for the court to consider other factors, unrelated to assistance to the government"); *United States v. Pearce*, 191 F.3d 488, 493 (4th Cir.1999) (holding that "any factor considered by the district court on a § 5K1.1 motion must relate to the 'nature, extent, and significance' of the defendant's assistance") (quoting U.S.S.G. § 5K1.1, comment.); *United States v. Thomas*, 930 F.2d 526, 529 (7th Cir. 1991) (holding that "only factors relating to a defendant's cooperation should influence the extent of a departure for providing assistance under § 3553(e)"), overruled on other grounds by *United States v. Canoy*, 38 F.3d 893, 903-07 (7th Cir. 1994); *United States v. Valente*, 961 F.2d 133, 134-35 (9th Cir. 1992) (rejecting defendant's argument that "once the court departed below the minimum mandatory sentence pursuant to the government's [substantial assistance] motion, it was free to depart even further downward based on Valente's 'aberrant' behavior"); *United States v. Campbell*, 995 F.2d 173, 175 (10th Cir.1993) (holding that "a district court may depart below the minimum sentence set by Congress only to reflect substantial assistance by the defendant"); *United States v. Aponte*, 36 F.3d 1050 (11th Cir.1994) (holding that a reduction in sentence pursuant to § 3553(e) should reflect only the defendant's substantial assistance). *See also, United States v. Crayton*, 2008 WL 162823 (7th Cir. January 18, 2008); *United States v. Mangaroo*, 504 F.3d 1350, 1355-56 (11th Cir. 2007); *United States v. Williams*, 474 F.3d 1130, 1132 (8th Cir. 2007); *United States v. Desselle*, 450 F.3d 179, 182 (5th Cir. 2006).

Court has no authority to reconsider Defendant's sentence, and will **DENY** Defendant's motion for reduction (Court File No. 67).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**